IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK16-40070 |
| | ) | |
| JERRY E. COLLINS and, | ) | CHAPTER 7 |
| DEBORAH L. COLLINS, | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER**

This matter is before the court on a motion to avoid lien (Fil. #20) filed by Debtors against an entity referenced as Synchrony Bank.  Gregory M. Neuhaus represents the Debtors.

For the reasons that follow, the motion is denied.  I am doing so in the format of this written opinion so that the reasons for denial are clear and in the hope of avoiding similar issues in other cases in the future.

Mr. and Mrs. Collins are the Debtors in this Chapter 7 bankruptcy case.  They have filed a motion pursuant to 11 U.S.C. 522(f) to avoid a judgment lien held by Synchrony Bank against their residence in Nance County, Nebraska.  When Debtors first filed this motion, this court denied it (Fil. #17), as follows:

Order Denying Motion To Avoid Lien of Synchrony Bank filed by Debtors (Related Doc #11).  The motion to avoid lien (Fil. #11) is denied, without prejudice[.]  It appears the creditor has not filed a proof of claim in this proceeding.  Local Rule 4003-1 provides that a motion to avoid lien and notice pursuant to Local Rule 9013-1 shall be served on a creditor at the address for notice set forth in the proof of claim, or if no claim is filed, "in a manner that would be sufficient for service of process under the Federal Rules of Civil Procedure."  Here, service on the creditor at a po box address and on an attorney who has not appeared in this proceeding is insufficient service of process.  Movant is responsible for giving notice to parties in interest as required by rule or statute.  ORDERED by Judge Thomas L. Saladino.

Debtors, therefore, refiled the motion (Fil. #20) and a notice and certificate of service (Fil. #21) indicating that service was made by certified mail as follows: "Synchrony Bank, 950 Forrer Blvd., Kettering, OH 45420" and on "Robert Junso, Attorney at Law, 300 N. Dakota Ave., Ste. 511, Sioux Falls, SD 57104."

It appears that counsel for Debtors may have misunderstood the prior order denying the motion to avoid lien for improper service.  As a general matter, when a motion such as this motion to avoid lien is filed, the goal of the motion is to alter the legal rights of the opposing party.  Lien avoidance is a significant alteration of a creditor's legal rights.  Therefore, notice and opportunity to be heard are of paramount importance.  For that reason, this district has enacted Local Rule

4003-1 which, in addition to describing the allegations that must be included in the motion, provides as follows regarding notice of the motion:

> If a proof of claim has been filed by the creditor whose lien is to be avoided, the motion to avoid lien and notice pursuant to Neb. R. Bankr. P. 9013-1 shall be served on the creditor at the address for notice set forth in the proof of claim. If no proof of claim has been filed, the motion and notice pursuant to Neb. R. Bankr. P. 9013-1 shall be served on the creditor in a manner that would be sufficient service of process under the Federal Rules of Civil Procedure.

The overarching goal of the notice provision in the local rule is to ensure that the court can exercise jurisdiction over an entity – whether it has subjected itself to the jurisdiction of the court by filing a proof of claim, or whether jurisdiction has been achieved through proper service of process. In this no-asset Chapter 7 case, no proof of claim deadline has been established and no claims have been filed. Therefore, under the local rule, the motion must be served on the opposing party in a manner that is sufficient for service of process under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

Ideally, the motion would have some additional detailed allegations regarding the creditor, Synchrony Bank. There are no allegations in the motion to properly identify Synchrony Bank. That is, what type of entity it may be, where it is organized, whether it has a registered agent in this state, etc. Such allegations are important for several reasons, not the least of which is to ensure that the named defendant is the proper name of the entity intended to be the defendant. There could be numerous entities in various states having the words "Synchrony Bank" in their proper name and, therefore, it is impossible to determine which entity is the defendant in this case.

Assuming any issues as to the proper name of the creditor are resolved, the next issue preventing entry of an order granting the motion pertains to the manner of service of process. Service of process is governed by Bankruptcy Rule 7004 and Federal Rule of Civil Procedure 4. Here, it appears that service was attempted to be made by mailing the motion to an attorney who has not appeared in this proceeding and to the bank name at a street address, without mention of an individual or officer or agent at that address. Clearly, service on an attorney who has not appeared in this case is insufficient notice to the creditor. The mailing to a street address without naming an officer or agent is also insufficient.

There are a number of ways under the federal rules to serve a creditor such as Synchrony Bank – but each takes a bit of homework. Does the creditor have a registered agent in Nebraska? A quick call to the Secretary of State would reveal that answer, and if so, service on the registered agent is guaranteed to be sufficient. Bankruptcy Rule 7004(b)(3) authorizes service by first class mail "[u]pon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent . . . ." Here, service would have been proper at a street address of the bank if it were directed to a named officer or agent at that address. There are even special rules for service of process on an insured depository institution pursuant to Bankruptcy

Rule 7004(h). Due to the lack of allegations regarding Synchrony Bank, it is difficult to determine if it qualifies as an insured depository institution, but if it does, service must be directed to a specific person who is an officer of the institution, as required by the rule.

Achieving proper service of process takes time and effort. To get it right, one needs to know the proper legal name of the entity, where it is organized, its registered address, and its registered agent or officer names and addresses.

IT IS, THEREFORE, ORDERED that the motion to avoid lien (Fil. #20) is denied.

DATED: March 8. 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Gregory M. Neuhaus
    John A. Wolf
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.